**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHIMNEY INVESTMENTS, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:14cv-01664** |
| **AMERICAN DRIVELINE CENTERS,** | § | |
| **INC., JEFFREY YOE, and SCOTT** | § | |
| **AQUINO** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## STATEMENT IN REMOVED CASES

1. The date(s) on which defendant(s) or their representative(s) first received a copy of the summons and complaint in the removed state court action. If different, the date on which each defendant was served with a copy of the summons and complaint.

   **Defendant American Driveline Centers, Inc. was served with process on May 16, 2014. It had not previously received a copy of the citation and petition.**

2. In actions removed pursuant to the court's diversity jurisdiction, list the citizenship of all parties (including the citizenship of each member of a partnership or other type of business association). Specifically identify whether any defendants who have been served are citizens of Texas.

| | |
|---|---|
| **Chimney Investments, Ltd.** | **Texas** |
| **American Driveline Centers, Inc.** | **Pennsylvania (state of incorporation & state where principal place of business is located)[1]** |
| **Jeffrey Yoe** | **Oklahoma** |
| **Scott Aquino** | **Oklahoma** |

   **Defendants are not citizens of Texas.**

3. In actions removed based on diversity jurisdiction, the amount alleged to be in controversy and the basis for this amount.

---

[1]Pursuant to 28 U.S.C. § 1332(c)(1), the citizenship of a corporation is determined to include (1) every U.S. state and foreign state where it is incorporated; and (2) the U.S. state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2014).

**According to Plaintiff's petition filed in the State Court Action, Plaintiff seeks more than $200,000 but not in excess of $1,000,000 in damages.**

4. In actions removed based on diversity jurisdiction pending more than one year in state court, specify why the case should not be summarily remanded.

   **Not applicable.**

5. Identify any defendant that did not join in the notice of removal and explain why.

   **Not applicable; counsel for the other two Defendants signed a Notice of Consent to Removal which was filed on June 13, 2014 as Exhibit E to the Notice of Removal.**

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By:  /s/ Craig A. Albert
       Craig A. Albert
       Texas Bar No. 00790076
       Email:  calbert@cplalaw.com
       Jennifer W. Knott
       Texas Bar No. 24027420
       Email:  jknott@cplalaw.com

8350 North Central Expressway, Suite 1500
Dallas, Texas   75206
(214) 265-7007 Telephone
(214) 265-7008 Facsimile

**GODSEY-MARTIN, P.C.**
Allison Haver Gabbert
2550 North Loop West, Suite 102
Houston, Texas  77092
Telephone: (713) 446-8448

**ATTORNEYS FOR DEFENDANT**
**AMERICAN DRIVELINE CENTERS, INC.**

## CERTIFICATE OF SERVICE

       I hereby certify that on July 11, 2014, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system of the Court.

                       /s/ Craig A. Albert
                       Craig A. Albert